FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 18, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL P.,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>    Defendant. | No. 4:19-CV-5235-JTR<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 17. Attorney Chad L. Hatfield represents Michael P. (Plaintiff); Special Assistant United States Attorney Lars Joseph Nelson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income in May 2015, alleging disability since August 31, 2013, due to back pain, knee pain, learning disability with reading problems, ADHD, and bipolar mood disorder. Tr. 213-221,

263. At the time of the administrative hearing, counsel for Plaintiff agreed to amend the onset date to the protective disability application filing date, May 1, 2015, as long as the records from January 2015 (Dr. Saleh's report) and September 2014 (the evaluation of Dr. Marks) were considered. Tr. 40. As discussed below, the ALJ evaluated and addressed the findings of Dr. Marks, Tr. 24, and noted the report of Dr. Saleh, Tr. 25; however, the ALJ explicitly rejected the opinions of Dr. Marks because they were outside the relevant time period in this case, Tr. 25.

The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Jesse K. Shumway held a hearing on July 25, 2018, Tr. 36-79, and issued an unfavorable decision on August 16, 2018, Tr. 16-27. The Appeals Council denied Plaintiff's request for review on July 24, 2019. Tr. 1-6. The ALJ's August 2018 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 23, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born on September 3, 1988, and was 26 years old on the disability application date, May 1, 2015. Tr. 260. He completed the ninth grade in school, attending special education classes. Tr. 264.

Plaintiff testified at the administrative hearing on July 25, 2018, that he was the primary caregiver for his two children, ages 10 and 11. Tr. 55-56. He indicated he was able to shop independently, with the grocery store being a 20 to 30 minute walk from his home; made his own meals; cleaned his own space; did his own laundry; made meals for his children; and attended parent/teacher conferences. Tr. 59-61. With respect to grocery shopping, Plaintiff clarified he had help from his grandmother or brother's girlfriend a majority of the time. Tr. 68-69. He indicated he would take his children to the park, sometimes go skateboarding, and occasionally work on cars. Tr. 72.

Plaintiff began Invega injections in January 2018, Tr. 65, to help stabilize his mood, Tr. 57.  However, the Invega injections made him drowsy, Tr. 57, and caused him to sleep up to 12 hours some days, Tr. 62.  He stated he required a nap nearly daily, for one to two hours, and on those occasions his grandmother or brother's girlfriend helped watch his children.  Tr. 56, 58.

Plaintiff testified he continued to use marijuana "a couple of times a week," but he no longer used the type of marijuana with THC, just pain reliever CBD marijuana.  Tr. 69-70.  He reported at the administrative hearing that he had not used marijuana containing THC for six months or longer.  Tr. 70.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards

were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On August 16, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 1, 2015, the disability application date. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: unspecified depressive disorder; unspecified anxiety disorder; learning disorder with impairment in reading and written expression; ADHD; unspecified personality disorder; and cannabis use disorder. Tr. 18.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to simple, routine, and repetitive tasks with a reasoning level of two or less; he needs to learn by demonstration rather than written instructions; he needs a low-stress work environment, defined as a routine, predictable work environment with no more than occasional changes and simple decision-making, and no assembly-line pace or other fast-paced work; and he is limited to superficial interaction with the public. Tr. 20.

At step four, the ALJ found Plaintiff was able to perform his past relevant work as a field crop farm worker. Tr. 25.

In the alternative, at step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. Tr. 25-27.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from May 1, 2015, the disability application date, through the date of the ALJ's decision, August 16, 2018. Tr. 27.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raised the following issues for review: (1) Did the ALJ err in improperly rejecting the opinions of Plaintiff's medical providers; (2) Did the ALJ err in failing to meet his duty to develop the record and failing to find Plaintiff's impairments meet or equal a Listing at step three; (3) Did the ALJ err in rejecting Plaintiff's subjective complaints; and (4) Did the ALJ err in failing to conduct an adequate analysis at steps four and five? ECF No. 13 at 6-7.

///

# DISCUSSION

**A.    Medical Opinion Evidence**

Plaintiff first contends the ALJ erred by according little weight to the medical opinions of treating psychiatrist Karim Saleh, M.D.  ECF No. 13 at 9-12.

In weighing the medical opinion evidence of record, the ALJ must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  The ALJ is also required to set forth the reasoning behind his or her decisions in a way that allows for meaningful review.  *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (finding a clear statement of the agency's reasoning is necessary because the Court can affirm the ALJ's decision to deny benefits only on the grounds invoked by the ALJ).  "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).

Dr. Saleh completed a "WorkFirst Documentation Request Form for Medical or Disability Condition" on January 11, 2015.  Tr. 349-352, 517-520.  Dr. Saleh wrote that Plaintiff "may have mood swings, depression, manic symptoms, irritability, and increase[d] anxiety" and that these symptoms "will result in reduced ability to concentrate, interact with other[s], have a regular schedule, follow simple instructions at times, [and] carry out simple duties."  Tr. 349, 517.  He opined Plaintiff would be limited to working 0 hours (unable to participate) per week.  Tr. 349, 517.  Dr. Saleh also checked a box indicating Plaintiff's condition was permanent and likely to limit his ability to work, look for work, or train to work.  Tr. 350, 518.

The ALJ accorded little weight to the report of Dr. Saleh.  Tr. 25.  The ALJ indicated the report was from outside the relevant time period and found it was not

consistent with the record as a whole and specifically the opinions of the DDS psychologists and medical expert Rubin. Tr. 25. Likewise, Defendant's brief contends Dr. Saleh's report was properly discounted because it pre-dated the May 2015 onset date and was inconsistent with the opinions of Drs. Rubin, Fligstein and Donahue. ECF No. 17 at 13-18.

The ALJ correctly noted the January 11, 2015 report of Dr. Saleh was completed four months prior to the alleged onset date, May 1, 2015, and was thus generated outside the relevant time period in this case. *See Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989) (medical opinions that predate the alleged onset of disability are of limited relevance). Evidence from outside of this period of time can be deemed useful as background information; however, it is irrelevant to the extent that it does not address Plaintiff's medical status during the relevant period at issue in this action.

Furthermore, as determined by the ALJ, Tr. 25, the report of Dr. Saleh was inconsistent with the opinions of the reviewing state agency psychological consultants and the medical expert, Stephen Rubin, Ph.D. *See* Tr. 88-90 (August 5, 2015 report of Diane Fligstein, Ph.D., finding Plaintiff capable of understanding and remembering simple tasks, carrying out simple instructions, maintaining adequate attendance, completing a normal workday/workweek within normal tolerances to a competitive workplace, and dealing with minimal stressors in a very structured and predictable work setting); Tr. 102-103 (October 12, 2015 report of Dan Donahue, Ph.D., mirroring the opinions of Dr. Fligstein); Tr. 42-53 (July 25, 2018 testimony of medical expert Rubin indicating Plaintiff retained the mental capacity to perform simple, routine and repetitive tasks, but was not able to perform fast-paced work, could only work with few work changes, and would have some difficulty working with the public).

///

///

Nevertheless, Drs. Fligstein, Donahue and Rubin are nonexamining medical professionals, and Dr. Saleh has been identified as a treating psychiatrist. In a disability proceeding, the courts distinguish among the opinions of three types of acceptable medical sources: treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a nonexamining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830. The Ninth Circuit has held that "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 830; *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990) (finding a nonexamining doctor's opinion "with nothing more" does not constitute substantial evidence). The ALJ did not cite any other medical source opinion from the relevant time period[1] in support of his conclusions with respect to Plaintiff's level of mental functioning, other than the above noted nonexamining medical professionals.

Based on the foregoing, and given the additional error identified in Section B, below, the Court finds a reassessment of Plaintiff's mental health during the relevant time period, including a review of Dr. Saleh's pre-onset date report, is warranted in this case.

---

[1] The ALJ assigned "some weight" to the pre-onset date opinions of N. K. Marks, Ph.D., Tr. 341-347, noting it was the most thorough psychological evaluation in the file and that it was consistent with her own testing and findings and the longitudinal record. Tr. 24. Dr. Marks report is dated September 5, 2014, several months prior to the alleged onset date in this case. Tr. 341-347.

### B.  Step Three

Plaintiff next asserts the ALJ erred by failing to develop the record and conduct an adequate analysis at step three of the sequential evaluation process. ECF No. 13 at 12-15.  Plaintiff argues the ALJ erred by not properly assessing whether he met or equaled Listings 12.04 (depressive and bipolar disorders), 12.06 (anxiety and obsessive-compulsive disorders), 12.08 (personality and impulse-control disorders) and 12.11 (neurodevelopmental disorders), singly or in combination.  ECF No. 13 at 14-15.

The Listings describe, for each of the major body systems, impairments that are severe enough to prevent an individual from doing any gainful activity, regardless of age, education, or work experience.  20 C.F.R. § 416.925(a).  Each Listing specifies the objective medical and other findings needed to satisfy the criteria of that Listing.  A diagnosis alone is insufficient; a medically-determinable impairment must also satisfy all of the criteria of the Listing, 20 C.F.R. § 416.925(d), and Plaintiff bears the burden of establishing that an impairment satisfies the requirements of the Listing, *Tackett*, 180 F.3d at 1098-1099; 20 C.F.R. § 404.1520(a)(4)(iii).  If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry.  20 C.F.R. §§ 404.1520(d), 416.920(d).

Citing Listings 12.04, 12.06, 12.08 and 12.11, the ALJ determined claimant's mental impairments did not meet or medically equal the requirements of the Listings. Tr. 19-20.  The ALJ specifically found Plaintiff's mental impairments did not cause at least two "marked" limitations or one "extreme" limitation.  Tr. 20.

Defendant argues the ALJ, relying on medical expert Rubin's unambiguous testimony that Plaintiff had no more than moderate mental limitations, properly assessed the Listings at step three.  ECF No. 17 at 4-7.

///

The ALJ expressly stated at the administrative hearing that he "only found one [psychological evaluation of record] . . . and that was Dr. Marks," Tr. 341-347, a report produced four years prior to the administrative hearing and several months prior to the alleged onset date in this case. Tr. 45. Medical expert Rubin also testified that the most thorough mental evaluation of record was that of Dr. Marks. Tr. 46. The ALJ's assessment of Plaintiff's mental functioning and corresponding step three determination is largely based on the weight he accorded to nonexamining medical expert Rubin. However, upon cross-examination, Dr. Rubin indicated Plaintiff's counsel "may be on to something which really needs looking into," and that "perhaps a full psychological or psychiatric evaluation" could be utilized to compare to the older records. Tr. 53.

An ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). Despite this duty to develop the record, and the apparent lack of clarity with respect to Plaintiff's mental health during the relevant time period, the ALJ did not order a consultative psychological examination prior to formulating his decision in this case. The Court finds the ALJ's failure to develop the record by ordering further testing of Plaintiff's mental functioning was error.

The matter shall be remanded for the ALJ to reassess Plaintiff's mental impairments at step three of the sequential evaluation process. On remand, the ALJ shall develop the record by directing Plaintiff to undergo a consultative psychological examination to assist the ALJ in assessing Plaintiff's functioning during the relevant time period. The ALJ shall reexamine whether Plaintiff meets or equals Listings 12.04, 12.06, 12.08 or 12.11, in addition to any other relevant Listing.

///

///

**C.     Plaintiff's Symptom Testimony**

Plaintiff contends the ALJ also erred by improperly rejecting his subjective complaints. ECF No. 13 at 15-20.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 21. The ALJ listed the following reasons for finding Plaintiff's subjective complaints not persuasive in this case: (1) the objective medical evidence did not fully support the level of limitation claimed; (2) Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were inconsistent with "other evidence;" (3) Plaintiff's "quite high functioning activities of daily living," including being the primary caregiver for his two children, were consistent with the assigned RFC determination; (4) Plaintiff has "a very weak work history suggesting that the explanation for his ongoing unemployment is likely something other than his current medical impairments;"

(5) Plaintiff had been noncompliant with his medications and treatment protocols; (6) although Plaintiff alleged disabling mental impairments, only mild symptoms were documented on self-reported inventories, testing had been negative for depression, and Plaintiff had denied depression on review of symptoms; (7) Plaintiff's testimony about his physical issues was inconsistent with the record and his own presentation at the hearing; and (8) Plaintiff had made inconsistent statements regarding his marijuana use. Tr. 21-23.

While some of the above reasons provided by the ALJ for discounting Plaintiff's subjective complaints may be supported by the evidence of record, this matter must be remanded for additional proceedings to remedy the ALJ's errors pertaining to Plaintiff's mental functioning during the relevant time period. *See supra*. Accordingly, on remand, the ALJ shall also reconsider Plaintiff's statements and testimony and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements.

**D.   Steps Four and Five**

Plaintiff asserts the ALJ erred at steps four and five of the sequential evaluation process by relying on the vocational expert's testimony in response to incomplete hypotheticals. ECF No. 13 at 20-21.

As determined above, the ALJ's analysis of Plaintiff's mental functioning during the relevant time period and step three determination are inadequate and further development is necessary in this case. Consequently, a remand is warranted. On remand, the ALJ shall also reevaluate Plaintiff's RFC. *See* SSR 96-5p (RFC is an administrative finding, dispositive of the case, which is reserved to the Commissioner, and, by delegation of authority, to the ALJ). The ALJ shall take into consideration the opinions of the medical professionals noted above, including the report of Dr. Saleh, the new consultative psychological examination, and any additional or supplemental evidence relevant to Plaintiff's claim for

///

disability benefits. The ALJ shall then reevaluate the findings at steps four and five of the sequential evaluation process, with the assistance of a vocational expert.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. ECF No. 13 at 19-20. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

On remand, the ALJ shall reassess Plaintiff's mental impairments and limitations. The ALJ shall reconsider the report of Dr. Saleh and all other medical evidence of record relevant to Plaintiff's claim for disability benefits. The ALJ shall further develop the record by directing Plaintiff to undergo a new consultative psychological examination to assist the ALJ in assessing Plaintiff's functioning during the relevant time period. The ALJ shall also reassess Plaintiff's mental impairments and functioning at step three of the sequential evaluation process and specifically reexamine whether Plaintiff meets or equals Listings 12.04, 12.06, 12.08 or 12.11. The ALJ shall reevaluate Plaintiff's subjective complaints, formulate a new RFC determination, obtain supplemental testimony from a vocational expert, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

3.     The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.     An application for attorney fees may be filed by separate motion.

**IT IS SO ORDERED**.  The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Plaintiff, and the file shall be **CLOSED**.

DATED September 18, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE